This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38807**

**ALBERT PADILLA, Personal Representative
of the ESTATE OF LALO PADILLA,**

      Plaintiff-Appellant,

v.

**ROMAN GARCIA, Mayor; SHALINE
LOPEZ, Town Clerk; TOWN OF VAUGHN;
GOVERNING BODY OF THE TOWN OF
VAUGHN,**

      Defendants-Appellees,

and

**ALLSUP'S CONVENIENCE STORES, INC.,**

      Intervenor-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY
Abigail Aragon, District Court Judge**

Roderick L. DeAguero
Albuquerque, NM

for Appellant

Dave Romero, Jr.
Las Vegas, NM

for Defendants-Appellees

Doerr & Knudson, P.A.
Stephen Doerr
Portales, NM

Moses, Dunn, Farmer & Tuthill, P.C.
Joseph L. Werntz
Albuquerque, NM

for Intervenor-Appellee

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** This case challenges the compliance of the Town of Vaughn with New Mexico's Open Meetings Act, NMSA 1978, §§ 10-15-1 to -4 (1974, as amended through 2013), in approving the sale of Town-owned land to Intervenor Allsup's Convenience Stores, Inc. Plaintiff Albert Padilla appeals from the district court's grant of summary judgment to the Mayor, City officials, and the governing body of the Town of Vaughn (collectively, the Town). Finding no error, we affirm.

**DISCUSSION**

**{2}** We note at the outset that Plaintiff's briefs on appeal fail to comply with the standards set by Rule 12-318 NMRA of the New Mexico Rules of Appellate Procedure. Plaintiff's opening brief fails to provide relevant procedural history concerning the summary judgment motions at issue. That procedural history, including a discussion of the district court's ruling denying Plaintiff's request for a continuance to respond to the motions for summary judgment, is necessary for this Court to make an informed decision on the questions raised by Plaintiff on appeal. In the absence of a complete and candid statement of facts, we have struggled to understand the arguments raised by counsel. Our difficulty in understanding the arguments is exacerbated by repeated inconsistencies in the dates cited for Town meetings and for other events at the heart of this case. We remind counsel to follow our appellate rules: they are designed to allow effective review on appeal.

**I.** **The District Court Did Not Abuse Its Discretion in Denying Plaintiff's Request for a Continuance and Deciding the Motions for Summary Judgment on the Existing Record**

**{3}** Plaintiff argues that the district court was required to assess the merits of the summary judgment motions and to first determine whether those motions established a prima facie case for judgment. If a prima facie case was established, Plaintiff argues that the district court was next required to consider the two affidavits of Plaintiff, along with unsigned depositions filed the day before the hearing, to determine whether Plaintiff raised a material issue of disputed fact requiring a trial on the merits of Plaintiff's claims. *See Atherton v. Gopin*, 2015-NMCA-003, ¶ 24, 340 P.3d 630 (holding that before granting summary judgment, "the district court must assess despite the lack of a response whether, on the merits, the moving party satisfied the burden under Rule 1-056(C) [NMRA]." *Id.* (alteration, internal quotation marks, and citation omitted). We

agree with Plaintiff's statement of the law but disagree with his claim that the district court failed to comply with the process explained in *Atherton*. 2015-NMCA-003, ¶ 24.

**{4}** Before we address Plaintiff's challenge to the district court's rulings on the merits of the Town's summary judgment motions, we first address Plaintiff's reliance, throughout his brief in chief, and his reply brief, on his second affidavit, filed the morning of November 26, 2019 (the day of the hearing), and on depositions not yet reviewed by the deponents, filed on November 25, 2019, the day before the summary judgment hearing. Plaintiff's briefs do not mention the district court's decision at the November 26, 2019 hearing to deny his motion for a continuance and to not consider the late-filed affidavit and depositions. Instead, Plaintiff assumes, without describing the factual background or making an argument justifying his assumption, that the late-filed affidavit and late-filed depositions were properly before the district court and that this Court is required to consider this evidence on appeal. We do not agree.

**{5}** We note that Plaintiff's assumption that the district court must grant a motion for a continuance and consider late-filed documents when ruling on summary judgment is contrary to the law. The district court may refuse to extend the time for a response to a motion for summary judgment if the nonmoving party "fails to demonstrate excusable neglect under Rule 1-006(B)(1)(b) [NMRA]," and "may rule on the uncontested motion for summary judgment, by determining whether the moving party has made a prima facie showing under Rule 1-056," based on the timely-filed evidence. *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 25, 416 P.3d 264.

**{6}** Without either a description of the proceedings or argument on whether Plaintiff's motion for a continuance was properly denied by the district court, we apply our presumption of correctness and conclude that the district court did not err in denying Plaintiff's motion for a continuance and deciding the motions for summary judgment on the timely-filed summary judgment record. We remind counsel that "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. Absent any argument applying the relevant law to the particular facts and circumstances and explaining why the district court erred, we apply our presumption of correctness and affirm. *See State v. Oppenheimer & Co.*, 2019-NMCA-045, ¶ 8, 447 P.3d 1159. "It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. The risk of error is simply too great. *See id.*

## II.  There Are No Material Facts in Dispute That Require a Trial on the Merits

**{7}** We next proceed to review the district court's decision granting summary judgment to the Town on the basis that the Town presented a prima facie case of compliance with the Open Meetings Act, and Plaintiff failed to introduce evidence into the summary judgment record establishing that there are material facts in dispute that require a trial on the merits. To reiterate, we consider only the timely-filed evidence in

the summary judgment record and not the after-filed affidavit, petition, responses to the motion for summary judgment, or motion for a stay after entry of the judgment.

**{8}** First, we address whether the Town established a prima facie case of compliance with the Open Meetings Act, and, if so, whether the timely-filed September 23, 2019 affidavit of Plaintiff created a material dispute of fact requiring trial. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 (holding that summary judgment may properly be granted in New Mexico when the moving party has met its initial burden of establishing a prima facie case for summary judgment and the opposing party has not rebutted any material element of that prima facie case with evidence demonstrating the existence of specific evidentiary facts, which require trial on the merits). To rebut a prima facie case for summary judgment, "[t]he party opposing the summary judgment motion must adduce evidence to justify a trial on the issues." *Clough v. Adventist Health Sys., Inc.*, 1989-NMSC-056, ¶ 7, 108 N.M. 801, 780 P.2d 627. "A party may not simply argue that such evidentiary facts might exist." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 (alteration, internal quotation marks, and citation omitted). A supposition or a conjecture or a guess from the evidence adduced is not enough: there must be a reasonable inference from the facts proved. *See id.*

**{9}** Our review of the documents certified by the Town and filed with Allsup's second motion for summary judgment reveals evidence of the Town's compliance with the notice requirements of Section 10-15-1(D) of the Open Meetings Act in its preparation for the Town Council meeting of November 14, 2017—the meeting at which the purchase of the Town-owned land by Allsup's was approved. The second motion for summary judgment establishes that the Town had adopted an annual Open Meetings Act resolution, as required by Section 10-15-1(D) of the Open Meetings Act. The resolution set forth "what notice for a public meeting is reasonable when applied to that body," as required by Section 10-15-1(D). *Id.* The resolution set a regular time and place for Town Council meetings and provided that notice of Council meetings would be reasonable under the Open Meetings Act if posted in six locations, including the Vaughn Post Office, the Office of the Municipal Clerk, and several local businesses, including Allsup's Convenience Store and Lalo's Cash & Carry, the business owned by Plaintiff. The summary judgment motion also included a copy of the notice of the November 14, 2017 Town Council meeting, which the Town stated was posted, pursuant to its regular practice and in compliance with the local resolution, in all six locations. The notice stated that the agenda for the meetings would be available to the public seventy-two hours before the meeting, satisfying another requirement of Section 10-15-1(D). The agenda prepared by the Town, also attached to the summary judgment motion, supports this statement of fact. Under the category "new business," the agenda provides for the Town Council's consideration of "Resolution No. 4," the resolution at issue in this case, which is described as addressing the sale of land to Allsup's. The motion also includes documentation showing that both Plaintiff and his attorney attended the November 14, 2017 meeting, and thus presumably received notice.

**{10}**   In addition to these facts concerning the notice provided for the November 14, 2017 Town Council meeting, and the Town's compliance with the requirements for adoption of the resolution for the sale of land to Allsup's in a properly-noticed open meeting, the Town also included in its facts statement, and documented to the district court with admissible evidence, that, to ensure compliance with the Open Meetings Act, the Town had taken advantage of the Open Meeting Act's provision allowing a public entity to "cure" a violation of the Act. *See* § 10-15-3(B); *see also Kleinberg v. Bd. of Educ. of Albuquerque Pub. Schs.*, 1988-NMCA-014, ¶ 30, 107 N.M. 38, 751 P.2d 722 ("[P]rocedural defects in the [Open Meetings Act] may be cured by taking prompt corrective action."). The Town had posted notice and conducted a second Town Council meeting on April 10, 2019, where it again debated and passed the resolution at issue. *N.M. State Inv. Council v. Weinstein*, 2016-NMCA-069, ¶ 86, 382 P.3d 923 (concluding that "[a]lthough thirty months stretches the bounds of 'prompt' remedial action" the meeting was sufficient to cure the Open Meetings Act violation because "the legislature did not intend to unduly burden the appropriate exercise of governmental decision-making and ability to act").

**{11}**   These facts and the accompanying evidence in the summary judgment record are sufficient to establish a prima facie case of compliance with the notice requirements of the Open Meetings Act. *See* § 10-15-1(D). The sole challenge by Plaintiff that was supported by evidence, rather than merely by speculation and argument, was his challenge to the Town's claim to have provided notice of the November 14, 2017 Town Council meeting at all six places listed in the Town's 2017 Open Meetings Act resolution. Plaintiff's first affidavit, filed in response to a motion to dismiss, stated that the notice of the November 14, 2017 Council meeting had not been posted in Lalo's Cash & Carry, one of the six places included in the Town's Open Meetings Act resolution. He did not dispute the Town's claim to have posted the notice in the remaining five locations.

**{12}**   We agree with the district court that, even if such posting was required because it was listed in the Town's Open Meetings Act resolution, something we do not decide, the Town cured any violation by meeting again on April 10, 2019, in a properly noticed meeting, to debate and pass the resolution authorizing the sale of the Town property to Allsup's. Plaintiff did not challenge the Town's compliance with the Open Meetings Act in noticing or conducting the April 10, 2019 meeting.

**{13}**   We do not consider Plaintiff's allegations on appeal that a private meeting of a quorum of the Town Council was secretly conducted on October 10, 2017, prior to the November 14, 2017 public meeting, or the related argument made in his reply brief that the Town had other meetings prior to the November 14, 2017 public meeting, constituting a "rolling quorum." Plaintiff's argument concerning these meetings was not preserved in the district court and is without any factual support in the summary judgment record. *See Romero*, 2010-NMSC-035, ¶ 10 (holding that a supposition or a conjecture from the evidence adduced is not enough: there must be a reasonable inference from the facts proved to defeat summary judgment).

**CONCLUSION**

**{14}** For the foregoing reasons, we affirm the district court's grant of summary judgment to the Town.

**{15}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**